IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>KOSS CORPORATION,<br><br>   Defendant. | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NONINFRINGEMENT**

Plaintiff Bose Corporation ("Bose") brings this action for declaratory judgment of patent noninfringement against Koss Corporation ("Koss" or "Defendant") and alleges as follows:

**NATURE OF ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Bose brings this action for a declaration that it does not infringe any claim of U.S. Patent Nos. 10,206,025 ("the '025 patent"), 10,368,155 ("the '155 patent"), or 10,469,934 ("the '934 patent") (collectively "the Asserted Patents").

**PARTIES**

2. Bose Corporation is a Delaware corporation with its principal place of business at 100 The Mountain Road, Framingham, Massachusetts 01701.

3. On information and belief, Koss Corporation is a Delaware corporation with its principal place of business at 4129 North Port Washington Avenue, Milwaukee, Wisconsin 53212.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the declaratory judgment claims presented in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because these claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. On July 22, 2020, Koss filed a complaint against Bose in the Western District of Texas ("the Texas Complaint" in "the Texas Litigation") alleging that certain Bose SoundSport, 700, and QC 35 wireless headphone products (collectively, the "Accused Products") infringe the Asserted Patents.

6. Venue is improper in the Western District of Texas because Bose is not resident in that district and Bose lacks a regular and established place of business in that district.

7. Bose intends to move to dismiss (or transfer) the Texas Litigation on the ground that venue is improper in the Western District of Texas.

8. Prior to filing the Texas Complaint, Koss sent to Bose a letter alleging that Bose infringed the Asserted Patents. Koss sent the letter on July 9, 2020 and attached a copy of the letter as Exhibit G to the Texas Complaint.

9. Koss's counsel sent copies of the July 9, 2020 letter to (i) Bose's Registered Agent in Boston, Massachusetts and (ii) Bose's Chief Intellectual Property Counsel in Framingham, Massachusetts. A copy of the July 9, 2020 letter is attached hereto as Exhibit A.

10. In the July 9, 2020 letter, Koss accused Bose of infringing "one or more claim" of the Asserted Patents. Koss attached claim charts to the letter that Koss alleged show "the manner in which the aforementioned products infringe [the Asserted Patents]."

11. In the July 9, 2020 letter, Koss demanded that Bose (i) stop selling the products accused of infringement, (ii) promptly meet with Koss to discuss patent license terms, and (iii) provide Koss with sales information regarding the Accused Products.

12. Prior to Koss serving the Texas Complaint on Bose, Koss and Bose engaged in discussions in an attempt to resolve the dispute.

13. As part of that discussion process, Koss and Bose entered into a Non-Disclosure Agreement ("NDA") to facilitate the sharing of confidential information.

14. The NDA is subject to the laws of the Commonwealth of Massachusetts.

15. Bose shared with Koss, pursuant to the NDA, confidential sales information that originated from Bose's headquarters in Framingham, Massachusetts.

16. The July 9, 2020 letter, the Texas Complaint, and the negotiations between Koss and Bose with respect to alleged infringement by Bose, individually and collectively demonstrate that an immediate, substantial, and justiciable controversy exists between Bose and Koss regarding Bose's alleged infringement of the Asserted Patents. Accordingly, declaratory judgment jurisdiction exists over the subject matter set forth in this complaint.

17. This Court has personal jurisdiction over Koss in this action. Koss regularly transacts business in this District. Koss derives substantial revenue from products and/or services provided in this District and has purposely established substantial, systematic and continuous contacts within this District, including distribution and sale of products within this District through, among other channels, retailers, distributors, the internet, and direct mail catalogs. For example, in the Texas Complaint, Koss alleged that its products "are sold at various retail chains throughout the United States and the world, including Walmart stores and other large brick-and-mortar establishments."

18. As detailed above, Koss also sent the July 9, 2020 letter to Bose in this District alleging infringement, attaching claim charts and inviting Bose to negotiate a license, then followed up by engaging in negotiations, email communications and discussions with Bose in an effort to secure a payment from Bose. Bose's claims in this declaratory judgment complaint arise out of these activities by Koss within this District and relate to products designed and developed in this District.

19. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in Massachusetts. Bose resides in Massachusetts. Bose designed the Accused Products in Massachusetts and sells the Accused Products in Massachusetts. Further, as discussed above, Koss's infringement threat letter was sent to Bose in Massachusetts and the discussions between Koss and Bose involved provision by Bose of confidential information from its headquarters in Massachusetts.

## BOSE'S INNOVATIVE PRODUCTS

20. Bose is a leading designer and manufacturer of audio equipment, including speakers, headphones, and wearable devices. Since its founding in 1964, Bose has continually invested in research and development to become a worldwide leader in audio and communication products for home, professional, and aviation use. These investments in groundbreaking technologies have allowed Bose to be the first to bring advanced technologies to market, such as launching one of the first commercial active noise cancelling headsets. Bose has been awarded over 1,700 United States patents as a result of this culture of innovation.

21. The SoundSport, QuietComfort 35, and 700 lines of wireless headphones are among the pioneering products created as a result of Bose's efforts.  The SoundSport wireless headphones are earbuds designed to be comfortable and stable within a user's ear during exercise while protecting the sensitive electronic components from damage from sweat or inclement weather.  The QuietComfort 35 and 700 headphones provide premium sound while utilizing Bose's renowned active noise cancellation technology in a comfortable ergonomic design.  All three products utilize Bluetooth to wirelessly connect with an audio source such as a smartphone.

## **PATENTS**

22. The '025 patent is titled "System with Wireless Earphones."  The '025 patent names as inventors Michael J. Koss, Michael J. Pelland, Michael Sagan, Steven R. Reckamp, Gregory J. Hallingstad, Jeffery K. Bovee, and Morgan J. Lowery.  A true and correct copy of the '025 patent is attached as Exhibit B.

23. The assignee of the '025 patent identified on the patent's face is Koss.  Koss claims to be the current owner of the '025 patent.

24. The '155 patent is titled "System with Wireless Earphones."  The '155 patent names as inventors Michael J. Koss, Michael J. Pelland, Michael Sagan, Steven R. Reckamp, Gregory J. Hallingstad, Jeffery K. Bovee, and Morgan J. Lowery.  A true and correct copy of the '155 patent is attached as Exhibit C.

25. The assignee of the '155 patent identified on the patent's face is Koss.  Koss claims to be the current owner of the '155 patent.

26. The '934 patent is titled "System with Wireless Earphones."  The '934 patent names as inventors Michael J. Koss, Michael J. Pelland, Michael Sagan, Steven R. Reckamp, Gregory J. Hallingstad, Jeffery K. Bovee, and Morgan J. Lowery.  A true and correct copy of the '934 patent is attached as Exhibit D.

27.     The assignee of the '934 patent identified on the patent's face is Koss. Koss claims to be the current owner of the '934 patent.

## CLAIMS FOR RELIEF

### COUNT I

**Declaratory Judgment of Noninfringement of U.S. Patent No. 10,206,025**

28.     The foregoing paragraphs are incorporated herein by reference.

29.     The Accused Products do not infringe any claim of the '025 patent.

30.     For example and without limitation, the Accused Products do not practice the limitation of claim 1 requiring that the processor "is for, upon activation of a user-control of the headphone assembly, initiating transmission of a request to the remote, network-connected server." Rather, the Accused Products only communicate with a local device.

31.     Because claims 2-56 of the '025 patent depend from claim 1, the Accused Products do not infringe these claims for at least the same reasons they do not infringe claim 1.

32.     As set forth above, an actual controversy exists between Bose and Koss with respect to the '025 patent, and this controversy is likely to continue. Accordingly, Bose desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '025 patent.

### COUNT II

**Declaratory Judgment of Noninfringement of U.S. Patent No. 10,368,155**

33.     The foregoing paragraphs are incorporated herein by reference.

34.     The Accused Products do not infringe any claim of the '155 patent.

35. For example and without limitation, the Accused Products do not practice the limitation of claim 1 requiring that the headphone assembly be "configured, with the processor, to transition automatically from playing digital audio content received wirelessly by the headphone assembly via a first wireless network to playing digital audio content received wirelessly by the headphone assembly via a second wireless network."  The Accused Products do not transition automatically from a first wireless network to a second wireless network.

36. Because claims 2-14 of the '155 patent depend from claim 1, the Accused Products do not infringe these claims for at least the same reasons they do not infringe claim 1.

37. As set forth above, an actual controversy exists between Bose and Koss with respect to the '155 patent, and this controversy is likely to continue.  Accordingly, Bose desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '155 patent.

## COUNT III

**Declaratory Judgment of Noninfringement of U.S. Patent No. 10,469,934**

38. The foregoing paragraphs are incorporated herein by reference.

39. The Accused Products do not infringe any claim of the '934 patent.

40. For example and without limitation, the Accused Products do not practice the limitation of claims 1 and 58 requiring that the a headphone assembly comprise a processor "wherein the processor is configured to, upon activation of a user-control of the headphone assembly, initiate transmission of a request to a remote, network-connected server that is in wireless communication with the mobile, digital audio player."  Rather, the Accused Products only communicate with a local device.

41. Because claims 2-57 of the '934 patent depend from claim 1, and because claims 59-62 of the '934 patent depend from claim 58, the Accused Products do not infringe these claims for at least the same reasons they do not infringe claims 1 or 58.

42. As set forth above, an actual controversy exists between Bose and Koss with respect to the '934 patent, and this controversy is likely to continue. Accordingly, Bose desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '934 patent.

## **DEMAND FOR RELIEF**

WHEREFORE, Bose prays that judgment be entered in its favor and requests:

(a) A judgment and declaration that Bose has not infringed and does not infringe literally or under the doctrine of equivalents, in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and has not otherwise infringed or violated any rights of Koss or Koss's affiliates, subsidiaries, assigns, employees, or agents;

(b) An injunction preventing Koss and its affiliates, subsidiaries, assigns, employees, agents, and/or anyone acting in privity or concert with Koss from charging infringement or instituting any legal action for infringement of the Asserted Patents against Bose or anyone acting in privity with Bose, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, and customers of Bose;

(c) A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 in favor of Bose, entitling Bose to an award of its reasonable attorneys' fees, expenses, and costs in this action;

(d) An award to Bose of its costs and reasonable expenses to the fullest extent permitted by law; and

(e) An award of any other remedy or relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Bose demands a trial by jury on all issues so triable.

Dated: December 10, 2020

WOLF, GREENFIELD & SACKS, P.C.

By:   /Michael N. Rader/
Michael N. Rader (BBO No. 646990)
Daniel M. Huttle (*pro hac vice* application to be filed)
mrader@wolfgreenfield.com
dhuttle@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY 10158
Telephone: (212) 697-7890
Facsimile: (617) 646-8646

Nathan R. Speed (BBO No. 670249)
nspeed@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646

*Attorneys for Plaintiff Bose Corporation*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /Michael N. Rader/
      Michael N. Rader